UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LOGISTIC, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV. ACTION NO. 4:07-cv-01678 |
| | § | |
| JPMORGAN CHASE BANK, N.A, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant JPMorgan Chase Bank's ("Chase") Motion for Summary Judgment (Doc. No. 9), which requests the entry of judgment as to all of Plaintiff Transamerica Logistics, Inc.'s ("Transamerica") claims. Having carefully considered the Motion, all responses and replies thereto, the evidence, and all applicable law, the Court finds that the Motion should be denied.

**I.   BACKGROUND**

This case arises out of two wire transfers totaling $176,942.64 originating from the Chase business checking account of Transamerica on December 22, 2006. Unless otherwise noted, the following facts are uncontested:

In 2001, Transamerica, a freight forwarding company based in Houston, Texas, opened a business checking account with Chase. In April, 2006, Transamerica requested and gained access to the online wire transfer services offered through Chase's customer website, chase.com. This service was subject to Chase's Wire Transfer Services

Addendum to Online Services Agreement (Addendum, Doc. No. 9, Ex. A-5), as well as the Online Services Agreement itself (Agreement, Doc. No. 9, Ex. A-4). The Addendum states that it "amends and becomes a part of the Online Services Agreement." (Addendum, Doc. No. 9, Ex. A-5, at 1.) The Online Services Agreement explicitly provides that it can be amended by Chase at any time, and that, "Your use of the Online Service after we have made such changes available will be considered your agreement to the change." (Agreement, Doc. No. 9, Ex. A-4, at 1). In November, 2006, Chase revised its Wire Transfer Services Addendum and provided proper notice of the amendment, and Transamerica subsequently used Chase's wire transfer services multiple times before December 22, 2006. (Aff. of Nicholas Sergi, Doc. No. 9, Ex. B., ¶ 5.)

On of December 22, 2006, paragraph nine of the Addendum, entitled "Security Procedures," explained that Transamerica would have to use its User ID and password to make online wire transfers. It also cautioned, "You should not discuss or disclose . . . your User ID and password, your service activation codes or any other items of personal information that we may utilize to confirm your identity, with any person not authorized to access your accounts. You acknowledge and agree that the security procedures described in this Section 9 are commercially reasonable." (Addendum, Doc. No. 9, Ex. A-5, at 2-3.)[1]

On December 22, 2006, two wire transfers originating from Transamerica's account were executed, thereby transferring a total of $176,942.64 to Duici Ioan Razvan

---

[1] There appears to be no dispute as to whether Chase's security procedures were commercially reasonable, and the Court finds as a matter of law that Chase's procedures were, in fact, commercially reasonable. *See* Tex. Bus. & Com. Code § 4A.202(c) ("Commercial reasonableness of a security procedure is a question of law . . . ."). Not only does the Addendum contain the stipulation to that effect quoted above, but Chase's evidence proves that the procedures were commercially reasonable, particularly in light of the fact that Transamerica has not offered any contradictory evidence or argument. (Sergi Aff., Doc. No. 9, Ex. B, ¶ 8 & 10; *see generally* Pl.'s Resp., Doc. No. 11.)

in Bucharest, Romania. The next day, two Transamerica employees, Firdous Prasla and Shahid Momin, and a Chase banker identified as "Banker U019093" called a Chase call center to contest the authenticity of the wire transfer orders and request that Chase refund the money. According to Chase's notes from the call, Prasla stated that federal law enforcement officials had confiscated a laptop from him on December 14, 2006, and that the laptop contained his username and password "written down." (Addendum, Doc. No. 9, Ex. A-7, at 2.) Thereafter, Transamerica followed up with Chase by filing a written dispute in which it reported that neither it "nor an authorized signer on the account" authorized the wire transfers. (Dispute Form, Doc. No. 11, Ex. A-1.) Chase subsequently refused to refund the money to Transamerica, and Transamerica filed this lawsuit alleging that the wire transfers were not authorized and therefore unenforceable under UCC § 4A.203, codified in Texas as Texas Business and Commercial Code § 4A.203.[2]

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[2] Transamerica's Original Petition stated a claim for conversion under Texas state law (Doc. No. 1, Ex. 2, at 3). Transamerica subsequently acknowledged that its Texas state law conversion claim has been displaced by the UCC (Pl.'s Resp., Doc. No. 11, at 3-4), and consequently amended its complaint, without opposition from Chase, to state its claim under the UCC (First Am. Compl., Doc. No. 13).

law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* Conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts.'" (*quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))).

A further qualification must be noted as to cases, like this one, that are to be tried to the Court without a jury: "If a decision is to be reached by the court, *and there are no issues of witness credibility*, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved." *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978) (emphasis added); *see also U.S. Fidelity & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863, 866 (5th Cir. 1996); *Ill. Cent. R.R. Co. v. Mayeux*, 301 F.3d 359, 362 n.1 (5th Cir. 2002).

## III.   DISCUSSION

UCC § 4A.203(a)(2) reads:

> The receiving bank is not entitled to enforce or retain payment of the payment order if the customer proves that the order was not caused, directly or indirectly, by a person:
>
> > (A) entrusted at any time with duties to act for the customer with respect to payment orders or the security procedure; or
> >
> > (B) who obtained access to transmitting facilities of the customer or who obtained, from a source controlled by the customer and without authority of the receiving bank, information facilitating breach of the security procedure, regardless of how the information was obtained or whether the customer was at fault. Information includes any access device, computer software, or the like.

The central question for purposes of this Motion is whether, viewing the evidence in the light most favorable to nonmovant Transamerica, a genuine issue of material fact remains as to whether the wire transfer orders of December 22, 2006 were caused by a person entrusted by Transamerica to order wire transfers or by an unauthorized person who gained access to Transamerica's User ID and password from a source controlled by Transamerica. Chase relies on its notes from the December 23, 2006 phone call in which Prasla, Transamerica's employee, allegedly admitted to having saved his User ID and password on a computer that he eventually lost control of. (Def.'s Mot. Summ. J., Doc. No. 9, at 10-11.) However, for purposes of summary judgment, accepting this evidence as proof of the enforceability of the wire transfers would require the Court impermissibly to draw a number of factual inferences in favor of the movant, including that the notes of the call accurately record the substance of Prasla's statements and that the User ID and password were actually saved to the laptop. Moreover, Transamerica has provided signed declarations from Prasla and Momin that directly controvert the call notes by stating that the User ID and password were never saved on the laptop computer in

question. (Decl. of Firdous Prasla, Doc. No. 11, Ex. B; Decl. of Shahid Momin, Doc. No. 11, Ex. A.) Each declaration also states that the declarant had never written the User ID and password down elsewhere and that only Prasla and Momin knew the User ID and password. (Decl. of Firdous Prasla, Doc. No. 11, Ex. B; Decl. of Shahid Momin, Doc. No. 11, Ex. A.) Moreover, viewing the evidence in the light most favorable to Transamerica, the declarations can also be read to offer a plausible alternative interpretation of Prasla's alleged admission that he had saved Transamerica's login information to the laptop: the declarations arguably explain that Prasla and Momin had typed the User ID and password into the laptop prior to December 22, 2006, but only insofar as was necessary to log into chase.com's wire transfer service. (Decl. of Firdous Prasla, Doc. No. 11, Ex. B; Decl. of Shahid Momin, Doc. No. 11, Ex. A.)

Determining which version of facts is true will therefore require making credibility determinations as to the testimony of Prasla and Momin, as well as an inquiry into the accuracy and probative value of Chase's evidence, particularly its notes from the December 23, 2006 phone call. Therefore, genuine issues of material fact exist sufficient to preclude the entry of summary judgment.[3]

## IV. CONCLUSION

For these reasons, Defendant JPMorgan Chase Bank's Motion for Summary Judgment (Doc. No. 9) is **DENIED**.

---

[3] As to Chase's argument that Transamerica "leaves unanswered and unproven" the "genuine issues central to Sec. 4A.203 relief" listed in Chase's Reply (Doc. No. 14, at 7), such proof is not required at the summary judgment stage; Transamerica need only "set out specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56. Chase's concern about the sufficiency of Transamerica's evidence to prove Chase's ultimate liability is more properly raised at trial.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 21st day of July, 2008.

Keith P. Ellison
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.